# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

|  |  |
|---|---|
| BRIAN MCKNIGHT,<br><br>  Plaintiff,<br><br>v.<br><br>FOXY/WFXC/K 107.1/104.3 RADIO STATION; URBAN ONE, INC.; KAREN CLARK,<br><br>  Defendants. | Civil Action No. 5:26-cv-102 |

## DEFENDANT KAREN CLARK'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS AND JOINDER IN DEFENDANT URBAN ONE'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), and (6), Defendant Karen Clark hereby moves this Court to dismiss Plaintiff Brian McKnight's Amended Complaint in its entirety for insufficient process and insufficient service of process, and failure to state a claim upon which relief can be granted. In addition, Defendant Karen Clark joins and adopts by reference, to the extent applicable to the claims asserted against her, the arguments set forth in the Motion to Dismiss and Memorandum in support filed by Defendant Urban One, Inc, including its d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station pursuant to Federal Rule of Civil Procedure 12(b)(6), including Sections I and IV. ECF 16 and 17. In support of her motion, Karen Clark relies on this memorandum.

# TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND ................................................................................................ 1

LEGAL STANDARDS .................................................................................................... 1

ARGUMENT ................................................................................................................ 2

I. THE REMOVAL TO THIS COURT ............................................................... 2

II. MS. CLARK HAS NOT BEEN PROPERLY SERVED ................................................... 3

III. THE CLAIMS AGAINST MS. CLARK ARE BARRED BY THE STATUTE OF
LIMITATIONS ............................................................................................ 4

    A. The Claims Against Ms. Clark Were Filed After the Statute of Limitations ......... 4

    B. Relation Back Does Not Apply ........................................................................ 4

        1. Federal Rules of Civil Procedure 15(c)(1)(A) and (B) do not apply .......... 5

        2. Federal Rule of Civil Procedure 15(c)(1)(C) does not apply ...................... 5

IV. DEFENDANT KAREN CLARK JOINS DEFENDANT URBAN ONE, INC,
INCLUDING ITS D/B/A FOXY/WFXC/K 107.1/104.3 RADIO STATION'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) ............................. 8

CONCLUSION ............................................................................................................. 8

Case 5:26-cv-00102-M-RN    Document 19    Filed 04/03/26    Page 2 of 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abee-Reeves v. Cathey*,
No: 3:22-cv-164-MOC-DSC, 2022 WL 4088200 (W.D.N.C. Sept. 6, 2022) ..........................5

*Dalenko v. Stephens*,
917 F.Supp.2d 535 (E.D.N.C. 2013)...................................................................................1

*Darling v. Falls*,
236 F.Supp.3d 914 (M.D.N.C. 2017) ................................................................................2

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
902 F.3d 147 (3d Cir. 2018)...............................................................................................2

*Gibbons v. Bristol-Myers Squibb Co.*,
919 F.3d 699 (2d Cir. 2019).................................................................................................2

*Goodman v. Praxair, Inc.*,
494 F.3d 458 (4th Cir. 2007) ...............................................................................................6

*Kelley v. Enviva, LP*,
No. 7:13–CV–197–BO, 2013 WL 6628032 (E.D.N.C. Dec. 16, 2013) ...................................3

*Krupski v. Costa Crociere S. p. A.*,
560 U.S. 538 (2010).................................................................................................6, 7, 8

*Mackler v. SME, Inc. USA*,
NO. 7:24-CV-992-FL, 2025 WL 778164 (E.D.N.C. Mar. 11, 2025) ......................................2

*McCall v. Scott*,
239 F.3d 808 (6th Cir. 2001) ...............................................................................................2

*Motsinger v. Flynt*,
119 F.R.D. 373 (M.D.N.C. 1988) .........................................................................................3

*Tex. Brine Co. v. Am. Arb. Ass'n*,
955 F.3d 482 (5th Cir. 2020) ...............................................................................................2

**Statutes**

28 U.S.C. § 1332....................................................................................................................2

28 U.S.C. §1441.....................................................................................................................2

28 U.S.C. §1446(d) ................................................................................................................2

28 U.S.C. § 1448................................................................................................................3

N.C. Gen. Stat. § 1-54(3) ..................................................................................................4

N.C. Gen. Stat. § 1A-1, Rule 15(c)...................................................................................5

**Other Authorities**

Fed. R. Civ. P. 4(a)(1)........................................................................................................3

Fed. R. Civ. P. 12(b)(6).....................................................................................................8

Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) ...................................................1

Federal Rule of Civil Procedure 15(c) ...................................................................... *passim*

Rule 4 ...........................................................................................................................1, 3, 5

Case 5:26-cv-00102-M-RN     Document 19     Filed 04/03/26     Page 4 of 14

## FACTUAL BACKGROUND

On January 22, 2026, Plaintiff Brian McKnight ("Plaintiff") filed this action in the Superior Court of the State of North Carolina for the County of Wake against Defendant Urban One, Inc, including its d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station ("Urban One") (the "State Court Action"). ECF 1 at 1. On January 27, 2026, Plaintiff filed an Amended Complaint adding Defendant Karen Clark ("Ms. Clark") as a defendant. ECF 1 at 2. The claims asserted by Plaintiff relate to an interview that aired on January 23, 2025. ECF 1-1. On February 20, 2026, Urban One filed its Notice of Removal of the State Court Action with the United States District Court for the Eastern District of North Carolina on the basis of diversity jurisdiction. ECF 1. That same day, Urban One filed the Notice of Removal with the Superior Court of the State of North Carolina for the County of Wake. ECF 1-2. As of February 20, 2026, Ms. Clark had not been served. ECF 1-4 at 2. On February 24, 2026, Ms. Clark was personally served, but only with the summons from the State Court Action. *See* Nichols Decl. Ex. 1. For the reasons set below, this Court should dismiss this action as to Ms. Clark.

## LEGAL STANDARD

This motion is made under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) to challenge the sufficiency of process and sufficiency of service of process, and under 12(b)(6) for failure to state a claim upon which relief can be granted. After service of process is challenged, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Dalenko v. Stephens*, 917 F.Supp.2d 535, 542 (E.D.N.C. 2013) (citing *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006). If service gives a defendant actual notice, the Court will construe Rule 4 liberally, but the requirements for service under Rule 4 cannot be ignored. *Id.*

"A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim," or "second, by failing to

allege sufficient facts to support a legal cause of action[.]" *Darling v. Falls*, 236 F.Supp.3d 914, 920 (M.D.N.C. 2017).

## ARGUMENT

### I.  THE REMOVAL TO THIS COURT

Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because Plaintiff is a citizen of Georgia, Defendant Urban One, Inc. is a Delaware corporation with its principal place of business in Maryland.  ECF 1 at 2.  Defendant Karen Clark is a resident of North Carolina.  ECF 1 at 2.  Thus, there is complete diversity.  As of the date of removal, Ms. Clark had not been served (and as of today still has not been properly served, as explained herein).[1]  Further, the amount in controversy exceeds $75,000.00.  ECF 1 at 3.  Urban One properly removed this action pursuant to 28 U.S.C. §1441; *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485–87 (5th Cir. 2020);  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151–54 (3d Cir. 2018);  *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).  Pursuant to 28 U.S.C. §1446(d), Urban One notified Plaintiff of the removal on February 20, 2026.  ECF 1-2.

As of February 20, 2026, the State Court Action no longer had jurisdiction over this matter, because of the removal.  Plaintiff failed to file any remand request within the statutory time period, so Plaintiff has waived any arguments regarding any procedural defects relating to removal.  *See Mackler v. SME, Inc. USA*, NO. 7:24-CV-992-FL, 2025 WL 778164, at *2 (E.D.N.C. Mar. 11, 2025).

---

[1] To the extent that Court finds that Ms. Clark was properly served after removal, Ms. Clark stipulates herein that she consents to removal.

## II. MS. CLARK HAS NOT BEEN PROPERLY SERVED

Given this action was removed as of February 20, 2026, and Ms. Clark had not yet been served as of that date, Plaintiff was required to follow the requirements of Federal Rule of Civil Procedure 4 for process and service thereof, which he has not done. Plaintiff has not yet filed proof of service in this action. However, on February 24, 2026, there was an improper and insufficient attempt at service, when the summons for the State Court Action, along with a copy of the Amended Complaint, was delivered to Ms. Clark. Nichols Decl. Ex. 1. This service was improper because, as of February 20, 2026, Plaintiff needed to serve Ms. Clark with a Federal Court summons, because this action was then in Federal Court. The State Court Action no longer had jurisdiction. *See Kelley v. Enviva, LP*, No. 7:13–CV–197–BO, 2013 WL 6628032, at \*2 (E.D.N.C. Dec. 16, 2013) ("[T]he state court summonses plaintiff used were invalid after removal to this Court."). The State Court Action was removed as of February 20, 2026. ECF 1. As of that date, all pleadings and process must issue from the Federal Court. *See Kelley*, 2013 WL 6628032, at \*2.

Plaintiff's state court summons is dated January 27, 2026. Nichols Decl. Ex. 1. Plaintiff did not attempt to serve this summons until February 24, 2026, at which point the case had been removed to this Court. After Plaintiff received notice of the removal, Plaintiff should have received (or requested) a summons from the Clerk of this Court. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(a)(1); *see also Motsinger v. Flynt*, 119 F.R.D. 373, 377 n.4 (M.D.N.C. 1988) ("State process which has been served may be perfected and facial errors corrected, but if it has not yet been served, it is void and plaintiff must obtain a federal summons and serve it."). Apparently, Plaintiff did not do so and instead continued to rely on an inapplicable and ineffective summons from the State Court Action. As a result, this action as to Ms. Clark should be dismissed for

3

insufficient process and insufficient service of process, or at a minimum, the Court should find that Ms. Clark has not yet been served.

### III. THE CLAIMS AGAINST MS. CLARK ARE BARRED BY THE STATUTE OF LIMITATIONS

#### A. The Claims Against Ms. Clark Were Filed After the Statute of Limitations

In North Carolina, the statute of limitations to bring an action for defamation is one year. N.C. Gen. Stat. § 1-54(3). Plaintiff alleges that an interview of Julie McKnight, which was conducted by Ms. Clark, was defamatory. That interview was published on January 23, 2025, and aired by Urban One that same day. ECF 1-1 at 10-14. On January 22, 2026, Plaintiff filed its Original Complaint in this action, one day before expiration of the statute of limitations, against only Urban One and its d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station. ECF 1 at 1. Despite alleging defamatory statements relating to the interview conducted by Ms. Clark, Ms. Clark was not named as a defendant in that Original Complaint. Nichols Decl. Ex. 2.

On January 27, 2026 (after the statute of limitations had run), Plaintiff filed an Amended Complaint adding Ms. Clark as a defendant. ECF 1-1. Despite being aware of Ms. Clark and the interview she conducted, Plaintiff decided not to include Ms. Clark as a defendant in the Original Complaint. Plaintiff knew Ms. Clark conducted the interview in question, but knowingly decided not to name her as a defendant. This was not a mistake and Plaintiff's decision to bring a claim originally only against her employer (Urban One), is fatal to his ability to add Ms. Clark as a defendant after the statute of limitations had run.

#### B. Relation Back Does Not Apply

Plaintiff may attempt to assert relation back under Federal Rule of Civil Procedure 15(c). However, relation back does not apply under the circumstance here.

### 1. Federal Rules of Civil Procedure 15(c)(1)(A) and (B) do not apply.

Federal Rule of Civil Procedure 15(c)(1)(A) permits relation back if the law establishing the statute of limitations allows relation back. Here, North Carolina set the statute of limitations for defamation and North Carolina Rule of Civil Procedure 15(c) states:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c). However, North Carlonia law does not permit relation back for the addition of parties unless the amended complaint corrects a misnomer. *See Abee-Reeves v. Cathey*, No: 3:22-cv-164-MOC-DSC, 2022 WL 4088200, at \*3 (W.D.N.C. Sept. 6, 2022) ("[R]elation back cannot be used to add new parties except where a misnomer occurs."). Plaintiff did not misname Ms. Clark as a defendant in the Original Complaint, she was not listed as a defendant at all. As a result, Federal Rule of Civil Procedure 15(c)(1)(A) does not permit relation back here.

Federal Rule of Civil Procedure 15(c)(1)(B) permits relation back based on newly added claims or defenses that arise from the same occurrence. *See Abee-Reeves,* 2022 WL 4088200, at \*3. No new causes of action or defenses are asserted in the Amended Complaint. Thus, this provision does not apply to adding a new defendant to an action. *See Abee-Reeves,* 2022 WL 4088200, at \*3. As a result, Federal Rule of Civil Procedure 15(c)(1)(B) does not permit relation back here.

### 2. Federal Rule of Civil Procedure 15(c)(1)(C) does not apply.

Federal Rule of Civil Procedure 15(c)(1)(C) permits the addition or change of a party to relate back if, within the period to be served under Rule 4(m), the added party received notice such that they would not be prejudiced and they knew or should have known they would be a party

5

absent a mistake in identification, and Federal Rule of Civil Procedure 15(c)(1)(B) must also be satisfied.

First, there was no mistake here. The operative allegations were present in the Original Complaint, Plaintiff simply decided not to name Ms. Clark in that Original Complaint.

Second, the Fourth Circuit has further indicated that an analysis should be done on whether the rights of the newly added defendant under the statute of limitations would be harmed by relation back. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 463-66 (4th Cir. 2007) ("[T]he inquiry, when determining whether an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, and it looks into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation.").

However, subsequent to the *Goodman* decision, the United States Supreme Court held that an informed decision not to bring a claim against a particular defendant is not a mistake under Rule 15(c)(1)(C)(ii). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.").

Based on the allegations in the Original Complaint, Plaintiff was not misinformed about Ms. Clark's alleged role in the interview in question. In fact, Plaintiff asserted theories of recovery against Urban One under negligent supervision and vicarious liability based on Ms. Clark's alleged actions. Thus, Plaintiff believed Ms. Clark had wronged him, but chose not to include her as a defendant. Instead, Plaintiff decided to only seek recovery from her employer (Urban One).

6

Further, as referenced by the Supreme Court in *Krupski*, in *Rendall–Speranza v. Nassim*, the Court of Appeals for the District of Columbia addressed an analogous situation and held that "an error of judgment about whether an employer is liable for the act of its employee is not 'a mistake' within the intendment of Rule 15(c)" where an employee initially brought an action against another employee that committed an intentional tort and then sought to add her employer after the statute of limitations had run. 107 F.3d 913, 918 (C.A.D.C. 1997).

Despite Plaintiff's alleged belief that Ms. Clark had defamed him, Plaintiff chose not to include Ms. Clark as a defendant and rather sought to recover only from Ms. Clark's employer in the Original Complaint. The Original Complaint demonstrates that Plaintiff was fully informed at the time he brought his Original Complaint, which was filed one day before the statute of limitations would run. *Rendall–Speranza*, 107 F.3d at 918. ("In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight.").

Specifically, it is clear from reading the Original Complaint that Plaintiff knew of Ms. Clark's role in the interview in question, but chose to seek recovery only from her employer. In fact, in the Original Complaint, Count One for defamation focuses on the airing of the interview Ms. Clark conducted. Count Two focuses on Ms. Clark's actions, which Plaintiff alleges Urban One failed to supervise. Count Three again focuses on Ms. Clark's actions, which Plaintiff alleges Urban One authorized and ratified and thus allegedly has vicarious liability. Plaintiff had all the alleged basis to assert a claim against Ms. Clark, it simply chose not to do so in the Original Complaint.

7

In summary, the North Carolina statute of limitations does not permit relation back here, Ms. Clark still has not been properly served, and Plaintiff cannot rely on Rule 15(c)(1)(C) under the circumstances here and the Supreme Court's holding in *Krupski*. Since relation back does not apply, the claims against Ms. Clark are barred by the applicable statute of limitations.

**IV.    DEFENDANT KAREN CLARK JOINS DEFENDANT URBAN ONE, INC, INCLUDING ITS D/B/A FOXY/WFXC/K 107.1/104.3 RADIO STATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

In addition to the above arguments, Defendant Karen Clark joins in and adopts by reference, to the extent applicable to the claims asserted against her, the arguments set forth in Defendant Urban One, Inc, including its d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station's Motion to Dismiss for Failure to State a Claim and Memorandum in Support. ECF 16 and 17.

Specifically, Defendant Karen Clark adopts the arguments in Sections I and IV of that Memorandum. Therefore, the Amended Complaint should be dismissed as to Defendant Karen Clark pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

## CONCLUSION

For the foregoing reasons, Karen Clark respectfully requests that this Court grant this Motion to Dismiss for failure to state a claim for relief with prejudice. For the above arguments relating to insufficient process and insufficient service of process, if considered standing alone, Karen Clark seeks dismissal without prejudice.

Dated: April 3, 2026                    Respectfully submitted,

*/s/ Lauren Johnson Nichols*
Lauren Johnson Nichols (N.C. Bar No. 59353)
TROUTMAN PEPPER LOCKE LLP
305 Church at North Hills Street
Suite 1200
Raleigh, NC 27609
Telephone: (919) 835-4175
Email: Lauren.Nichols@troutman.com

8

*Attorney for Defendants Urban One, Inc., including d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station, and Karen Clark*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2026, I caused the foregoing document to be filed with the

Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel

of record.

*/s/ Lauren Johnson Nichols*

Lauren Johnson Nichols
(N.C. Bar No. 59353)
*Attorney for Defendants Urban One, Inc.,*
*including d/b/a FOXY/WFXC/K 107.1/104.3*
*Radio Station, and Karen Clark*

10