## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| BRIAN MCKNIGHT, | |
|     Plaintiff, | |
| v. | Civil Action No.   5:26-cv-102-M |
| FOXY/WFXC/K 107.1/104.3 RADIO STATION; URBAN ONE, INC.; KAREN CLARK, | |
|     Defendants. | |

### DEFENDANT KAREN CLARK'S REPLY
### IN SUPPORT OF HER MOTION TO DISMISS

Defendant Karen Clark ("Ms. Clark"), by and through her Counsel, submits this Reply to Plaintiff's Opposition to Ms. Clark's Motion to Dismiss.

### ARGUMENT

The Opposition filed by Plaintiff Brian McKnight ("Plaintiff"), fails to meaningfully address the statutory and Supreme Court authority that bars his claims against Ms. Clark. First, Plaintiff admits it served Ms. Clark with the State Court summons after this case was already in Federal Court. That is not proper service under Rule 4 and violates 28 U.S.C. § 1448. Second, even if service were proper, the claims against Ms. Clark cannot relate back under Rule 15(c)(1)(C), which is the provision that applies to the addition of new parties, because as the Supreme Court has held:

> When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.

*See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010). As demonstrated in Ms. Clark's opening memorandum, Plaintiff was fully aware of Ms. Clark's role in the interview in question and even asserted causes of action in the Original Complaint for negligent supervision and vicarious liability based on her conduct. There was no "mistake concerning the proper defendant's identity," as required by *Krupski*. Instead, Plaintiff simply decided not to name Ms. Clark as a defendant in the Original Complaint. Thus, under *Krupski* relation back cannot apply here and the claims against Ms. Clark are barred by the statute of limitations.

Lastly, contemporaneously with filing its Opposition, Plaintiff filed a motion for leave to amend its pleading a second time. Ms. Clark will be filing an opposition to that motion for leave on or before the May 15, 2026 deadline for filing that opposition. As that opposition will detail, Plaintiff's proposed amendments do not cure the fatal deficiencies in the current Amended Complaint, and many of the proposed amendments are focused on trying to ease several admissions already made by Plaintiff in the current Amended Complaint.

## I.    Plaintiff Has Not Properly Served Ms. Clark Under FRCP 4 and 28 U.S.C. § 1448.

Ms. Clark is entitled to raise the defense of insufficient process and service of process pursuant to Rules 12(b)(4) and 12(b)(5) for Plaintiff's failure to comply with Rule 4, especially since Plaintiff admits it has never served her with the required Federal Court summons. Plaintiff's conduct also expressly violates 28 U.S.C. § 1448, which Plaintiff failed to quote in full:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued *in the same manner as in cases originally filed in such district court*. 28 U.S.C. § 1448 (emphasis added).

2

328579838v4

*See also Motsinger v. Flynt*, 119 F.R.D. 373, 377 n.4 (M.D.N.C. 1988) ("State process which has been served may be perfected and facial errors corrected, but if it has not yet been served, it is void and plaintiff must obtain a federal summons and serve it."). Thus, Plaintiff's attempted service with the State Court summons violated both Rule 4 and 28 U.S.C. § 1448.

Plaintiff appears to fault Ms. Clark for raising this defense, but it would have been waived if it had not been raised in Ms. Clark's initial Rule 12 motion. That Rule 12 motion was filed on April 3, 2026. *See* ECF 19. Plaintiff could have attempted to cure this defect by serving Ms. Clark with the required Federal Court summons after receipt of this motion. Plaintiff has affirmatively decided not to do so. Plaintiff's refusal to try to cure this obvious defect in service warrants dismissal.

## II. Plaintiff's Claims Against Ms. Clark Are Time-Barred and Do Not Relate Back Under Rule 15(c)(1).

Plaintiff asserts that Ms. Clark's statute of limitations defense requires resolving factual issues and putting form over substance. That is false. It is based on Plaintiff's own Original Complaint and the current Amended Complaint, and binding statute and case precedent. Since Ms. Clark has raised a statute of limitations, it is Plaintiff's burden to show that the current Amended Complaint satisfies Rule 15(c)(1)(C)'s relation back requirements concerning the addition of a new party to an action. *See Covey v. Assessor of Ohio Cnty.*, 666 Fed. Appx. 245, 248 (4th Cir. 2016). Plaintiff cannot meet that burden.

Plaintiff's Original Complaint alleged claims against Urban One on theories of negligent supervision and vicarious liability based on Ms. Clark's alleged actions, rather than naming Ms. Clark herself as a defendant. Thus, Plaintiff was fully aware of Ms. Clark's role in the interview in question and Plaintiff's Original Complaint expressly criticized her conduct. ECF 19-1 at 31-32, 37-40. Plaintiff's unsupported assertions that it made a "mistake" are irrelevant here. As the

3

Supreme Court made clear: "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 560 U.S. at 548.

Plaintiff made no mistake about Ms. Clark's identity. Plaintiff's pleadings demonstrate that Plaintiff was fully aware of Ms. Clark's role but chose not to name her. Under *Krupski*, when "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant . . . was the result of a fully informed decision," Rule 15(c)(1)(C) is not satisfied. *Id.* at 552. Since Ms. Clark was added only after the limitations period expired and Plaintiff cannot show a qualifying mistake, there is no relation back and his defamation claims against Ms. Clark are time-barred.

### III. Plaintiff Fails to State a Defamation Claim Against Ms. Clark.

Plaintiff fails to state a defamation claim against Ms. Clark for the same reasons as set forth in Urban One's motion to dismiss, which Ms. Clark adopts here. ECF 17 at 5-11.

Briefly, to state a claim for defamation, a plaintiff must allege, among other things, a specific false and defamatory statement of fact attributable to the defendant. The current Amended Complaint does not identify any statement of fact made by Ms. Clark, much less a false one. ECF 17 at 5-7. Instead, Plaintiff frames the issue as whether Ms. Clark's conduct was an "endorsement" or "neutral." However, without an identified false statement of fact, there is no defamation claim against Ms. Clark and no factual dispute for the Court to resolve. ECF 17 at 5-7.

Plaintiff further contends that the alleged defamatory statements should be evaluated in the context in which they were made and that Ms. Clark endorsed the amplification of defamatory statements. Regardless of whether the Fourth Circuit permits claims for defamation by implication, the statements Plaintiff identifies are not defamatory and Plaintiff has only alleged

4

slander *per se*.  ECF 17 at 5-7; ECF 1-1 at 18-19.  The record shows that Ms. Clark was conducting an interview and soliciting Julie McKnight's opinions; her questions did not constitute an endorsement of any allegedly defamatory content, and Ms. McKnight's remarks were framed as her own opinions.  ECF 17 at 5-9.  Thus, the claims for defamation against Ms. Clark fail for the same reasons as set forth in Urban One's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, Karen Clark respectfully requests that this Court grant her Motion to Dismiss with prejudice.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Lauren Johnson Nichols*
Lauren Johnson Nichols (N.C. Bar No. 59353)
TROUTMAN PEPPER LOCKE LLP
305 Church at North Hills Street
Suite 1200
Raleigh, NC 27609
Telephone: (919) 835-4175
Email:  Lauren.Nichols@troutman.com

*Attorney for Defendants Urban One, Inc., including d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station, and Karen Clark*

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 8, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Lauren Johnson Nichols*
Lauren Johnson Nichols

6

328579838v4