# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

BRIAN MCKNIGHT,

     Plaintiff,

v.

FOXY/WFXC/K 107.1/104.3 RADIO
STATION; URBAN ONE, INC.; KAREN
CLARK,

     Defendants.

Civil Action No.  5:26-cv-102-M

## DEFENDANT URBAN ONE, INC.'S REPLY
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Urban One, Inc. ("Urban One"), by and through its undersigned counsel,
submits this Reply in support of its Motion to Dismiss and in response to Plaintiff's Opposition.

## ARGUMENT

The current Amended Complaint by Plaintiff Brian McKnight ("Plaintiff") should be
dismissed because Plaintiff has failed to state a claim.  First, Plaintiff incorrectly asserts that Urban
One's motion is based on FRCP Rules 12(b)(1) or 12(b)(5), it is not.  Second, Plaintiff makes no
attempt to rebut Urban One's detailed showing that the specific defamatory statements identified
in the current Amended Complaint cannot support a claim.  Instead, Plaintiff retreats to a theory
that the overall narrative in the current Amended Complaint can state a claim, even if all the
individual identified defamatory statements do not.  That theory is as nonsensical as is entirely
unsupported in case law.

Third, neither the current Amended Complaint nor Plaintiff's Opposition alleges any facts
to support that the alleged defamatory statements are factually false.  Further, in its Opposition
(ECF 25 at 2 and 9), Plaintiff admits again that he is a public figure and that the alleged defamatory

statements can be characterized as **"unverified, disputed, or solely Ms. McKnight's opinion**." ECF 1-1 at 14 (emphasis added).  This is fatal to his defamation claims, which require a showing of actual malice.

Fourth, Plaintiff asserts, in conclusory fashion, that Urban One endorsed prior unidentified statements by Julie McKnight ("Ms. McKnight") regarding alleged abuse, neglect, dishonesty, and interference with careers (ECF 25 at 3), without any detail on those statement or any such endorsement.  Those prior alleged statements by Ms. McKnight are not relevant; the only relevant statements are the ones identified as defamatory in the current Amended Complaint, and as discussed, those identified statements cannot support the claims in the current Amended Complaint, much less qualify as slander *per se* with actual malice.

Lastly, contemporaneously with filing its Opposition, Plaintiff filed a motion for leave to amend its pleading a second time.  Urban One will be filing an opposition to that motion for leave on or before the May 15, 2026 deadline for that opposition.  As that opposition will detail, Plaintiff's proposed amendments do not cure the fatal deficiencies in the current Amended Complaint, and many of the proposed amendments are focused on trying to ease several admissions already made by Plaintiff in the current Amended Complaint.  However, even that proposed amended pleading still fails to plead special damages (meaning it is still limited to slander *per se*), and still characterizes the asserted defamatory statements as "**unverified, disputed, or solely Ms. McKnight's opinion**."  ECF 22-1 at ¶34.  Thus, even Plaintiff still characterizes his allegations in a manner that confirms no actionable claims.

## I.     PLAINTIFF CANNOT RELY ON ITS OVERALL NARRATIVE THEORY BECAUSE PLAINTIFF ONLY ASSERTS SLANDER *PER SE*.

As noted above, Plaintiff makes no attempt to rebut Urbans One's detailed showing that the specific defamatory statements identified in the current Amended Complaint cannot support a

2

claim.  Likewise, neither the current Amended Complaint nor Plaintiff's Opposition alleges any facts to support that the alleged defamatory statements are factually false.  Instead, Plaintiff retreats to a theory that the overall narrative in the current Amended Complaint can state a claim, even if all the individual identified defamatory statements do not.

Plaintiff argues that even if the specific defamatory statements identified in the current Amended Complaint are not actionable, the overall narrative is, because the alleged defamation did not arise from the isolated words alone but also from the surrounding context.  ECF 25 at 6.  That argument fails because Plaintiff has only alleged slander *per se*, which requires the publication to be defamatory on its face.  "[I]f extrinsic or explanatory evidence is needed in connection with the words to show they have defamatory character, then plaintiff must prove defamation per quod."  *Robinson v. E. Carolina Univ.*, 329 F. Supp. 3d 156, 184 (E.D.N.C 2018) (citing *Cummings v. Lumbee Tribe*, 590 F. Supp. 2d 769, 774 (E.D.N.C. 2008)).  Thus, Plaintiff's theory of defamation by overall narrative is inapplicable to claims based on slander *per se*.

Plaintiff has asserted no claim for defamation *per quod*.  To state a claim for defamation *per quod*, a plaintiff must plead special damages.  *See* ECF 1-1 at 19; ECF 17 at 14.  Plaintiff pleads no special damages, so his claims can only proceed as defamation *per se*.  Further, Plaintiff's claims are based on a broadcast of an interview and a podcast, and thus they arise under a theory of slander.  *DeLoy v. Lekowski*, No. COA25-2, 2025 WL 2924355, at *6 (N.C. App. Oct. 15, 2025) ("[S]lander *per se* is 'an oral communication to a third party . . . .'" (quoting *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29-30, 568 S.E.2d 893, 898 (2002))).  Slander *per se* is limited to three specific categories of statements, and **does not** include other more general statements that "tend[] to subject one to ridicule, contempt or disgrace" (which are only applicable to libel *per se*).  *DeLoy*, 2025 WL 2924355, at *6-*8 (internal quotation marks and citation

3

omitted) (discussing the rationale for the limitation of slander *per se* to three limited categories in North Carolina: (i) alleging a person has committed a crime or offense involving moral turpitude, (ii) impeachment in their trade or profession, or (iii) alleging they have a loathsome disease). Importantly, the question of whether statements are slander *per se* is a question of law that this Court can answer based on Plaintiff's pleadings. *See Cannon v. Peck*, 36 F.4th 547, 560 (4th Cir. 2022).

The defamatory statements Plaintiff alleges arise under a theory of slander and none fits into any of *DeLoy's* actionable categories for slander *per se*. ECF 17 at 13-14. Thus, they fail as slander *per se* and Plaintiff's assertion of some overall defamatory narrative likewise fails.

Further, the statements identified in the current Amended Complaint are not slanderous *per se* even in context. The North Carolina Supreme Court has held that this contextual analysis is based on how the ordinary person would understand the statements. *See Renwick v. News & Observer Pub. Co.*, 312 S.E.2d 405, 409, 310 N.C. 312, 318-19 (1984) (quoting *Flake v. Greensboro News Co.*, 212 N.C. 780, 786-87, 195 S.E. 55, 60 (1938)). Plaintiff cites *Renwick*, but that case involved libel *per se,* which unlike slander can proceed on three grounds: *per se, per quod,* and susceptible to two interpretations, one libelous and one not. *Renwick*, 312 S.E.2d 405, 408, 310 N.C. 312, 316. Even under that broader standard, the Court rejected the libel *per se* claim. *Id.* at 312 S.E.2d at 408-10, 310 N.C. at 316-20. In contrast, slander claim may proceed only on a *per se* or a *per quod* basis. *Izydore v. Tokuta*, 775 S.E.2d 341, 349, 242 N.C. App. 434, 445 (N.C. App. 2015) ("Under North Carolina law, slander *per se* and slander *per quod* are the two actionable classes of oral defamation."). Thus, *Renwick* actually supports dismissal here.

For a slander *per se* theory, the statements must, as a matter of law, be defamatory on their face based on *DeLoy's* three permitted categories, and reasonably susceptible to only a defamatory

4

meaning. *See id.* at 775 S.E.2d at 349, 242 N.C. App. at 445("Slander *per se* relates to false remarks that 'in themselves (*per se* ) may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed [.]'" (citation omitted)). Plaintiff's allegations do not fall within *DeLoy's* three permitted categories and Plaintiff admits that the alleged defamatory statements are **"unverified, disputed, or solely Ms. McKnight's opinion**." ECF 1-1 at 14 (emphasis added). Thus, they cannot be susceptible to only one actionable defamatory meaning. As a result, Plaintiff cannot satisfy any such contextual analysis.

For all these reasons, Plaintiff's overall defamatory narrative theory fails.

## II. PLAINTIFF'S ALLEGATIONS THAT URBAN ONE DID NOT ACT AS A NEUTRAL FAIL BECAUSE PLAINTIFF FAILS TO PLEAD NEGLIGENCE.

Plaintiff argues that Urban One can be liable for defamation because Urban One did not act as a neutral regarding Ms. McKnight's statements. Plaintiff can only state a claim under this theory if it pleaded facts that Urban One was negligent in the publication of statements by Ms. McKnight. *See* ECF 17 at 15-16. North Carolina has statutorily limited liability for broadcasting stations with respect to statements of third parties by requiring a showing of negligence. *See* NC Gen. Stat. § 99-5. Plaintiff admits the statements in dispute are "**unverified, disputed, or solely Ms. McKnight's opinion**." ECF 17 at 16. Plaintiff cannot assert that Urban One knew or should have known the statements were factually false or that it failed to take reasonable steps to prevent such broadcast, when Plaintiff admits that the statements are not known to be factually false. *Id.* Plaintiff's separate cause of action for negligent supervision also fails for Plaintiff's failure to plead facts required for the elements of that claim. ECF 17 at 12-15.

### III. PLAINTIFF'S DEFAMATION BY IMPLICATION IS NOT PROPERLY PLEADED.

Plaintiff's slander *per se* allegations in the current Amended Complaint are inconsistent with the defamation by implication theory he now advances. Plaintiff elected to plead his claims as slander *per se* and did not allege special damages. Yet none of the statements qualify as slanderous *per se*, as discussed above. A condition precedent for defamation by implication is that an underlying actionable defamation is alleged, which the current Amended Complaint fails to do. Even if the Court accepts Plaintiff's position in its Opposition that a theory of defamation by implication is available, the current Amended Complaint still fails to state a claim because the underlying defamation alleged is deficient.

### IV. PLAINTIFF FAILS TO PLEAD ACTUAL MALICE.

Plaintiff's Opposition offers no detailed argument or legal authority to support that it pleaded sufficient facts that Urban One acted with actual malice. Indeed, Plaintiff devotes a mere 14 lines of its Opposition to this critical issue. The only specific factual assertion Plaintiff cites is that it gave notice to Urban One. ECF 25 at 8-9. However, those notice allegations relate solely to the defamation claims concerning the Rickey Smiley Show (*see* ECF 1-1 at 15-16), which is the claim where Plaintiff does not identify either the alleged defamatory statements or the speaker. ECF 17 at 9-10.

As noted, Plaintiff characterizes the alleged defamatory statements as "unverified, disputed, or solely Ms. McKnight's opinion." ECF 17 at 16. Based on these admissions, Plaintiff cannot plausibly plead that Urban One acted with actual malice, because statements characterized in this manner (by Plaintiff himself), cannot support a claim that Urban One knew the statements were false or acted with reckless disregard for their truth or falsity.

6

## V. PLAINTIFF'S DERIVATIVE CLAIMS AND PUNITIVE DAMAGES FAIL.

Even if the Court finds Plaintiff pleaded sufficient facts to state a claim for slander *per se* and actual malice regarding the interview conducted by Ms. Clark (he has not), Plaintiff has failed to allege sufficient facts to support his other claims. Specifically, regarding the defamation claims concerning the Rickey Smiley Show, Plaintiff does not identify any alleged defamatory statements and he does not identify the alleged speaker(s). ECF 17 at 9-10. Likewise, Plaintiff has failed to alleged facts to support the required elements of negligent supervision. ECF 17 at 12-15. Further, Plaintiff cannot allege Urban One is liable for the statements of Ms. McKnight, when Plaintiff cannot allege Urban One knew or should have known the statements were false, based on Plaintiff's own admissions. ECF 17 at 16. Lastly, Plaintiff does not contest that he failed to provide the required statutory notice to Urban One before filing this lawsuit, which would have given Urban One a chance to publish a retraction, so his punitive damages claim is barred. ECF 17 at 16-17.

### CONCLUSION

For the foregoing reasons, Urban One respectfully requests that this Court grant its Motion to Dismiss for failure to state a claim for relief with prejudice.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Lauren Johnson Nichols*
Lauren Johnson Nichols (N.C. Bar No. 59353)
TROUTMAN PEPPER LOCKE LLP
305 Church at North Hills Street
Suite 1200
Raleigh, NC 27609
Telephone: (919) 835-4175
Email: Lauren.Nichols@troutman.com
*Attorney for Defendants Urban One, Inc., including d/b/a FOXY/WFXC/K 107.1/104.3 Radio Station, and Karen Clark*

328649803v4

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Lauren Johnson Nichols*
Lauren Johnson Nichols

8