IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-00102-M

**Brian McKnight,**

        Plaintiff,

v.

**FOXY/WFXC/K 107.1/104.3 Radio Station,** et al.,

        Defendants.

**Order**

This matter comes before the court for the entry of a scheduling order. Also pending are the Defendants' motions to dismiss (D.E. 16, 18) and Plaintiff's motion for leave to file an amended complaint (D.E. 22).

Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports staying discovery. Until the court disposes of the pending motions to dismiss and for leave to amend, it is uncertain what discovery may be required. The resolution of those matters may narrow discovery or eliminate its need entirely. And the pending motions appear to require no discovery for the court to decide them.

Both sides have set forth reasonable arguments in support of their requests for relief and to challenge the other party's filings. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant or deny the pending motions to dismiss and for leave to file an amended complaint. It is possible that their dispositions may affect the time and resources devoted to discovery. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny motions to dismiss and allow amendment of the complaint, leaving claims to be litigated.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court orders that, unless they agree otherwise, the entry of a Scheduling Order and any discovery are postponed until the court resolves the pending motions to dismiss and for leave to file an amended complaint. If any claims survive after the motions are resolved, the parties must confer and submit a new Rule 26(f) report within 14 days from the entry of the order resolving the last of the pending motions.

Dated: June 9, 2026

_____
Robert T. Numbers, II
United States Magistrate Judge